MICHAEL HOFFMAN, Bar No. 162496
ARENA HOFFMAN LLP
220 Montgomery Street, Suite 905
San Francisco, CA  94104
Telephone:	415.433.1414
Facsimile:	415.520.0446
Email:  mhoffman@arenahoffman.com

Attorneys for Defendants
AUTOZONERS, LLC and AUTOZONE, INC.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
01/09/2024 at 09:27:00 AM
Clerk of the Superior Court
By Elizabeth Sanchez, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, NORTH DISTRICT

| | |
|---|---|
| BLANCA BUGARIN, an individual;<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AUTOZONERS, LLC, a limited liability company; AUTOZONE, INC., a corporation; and Does 1 through 20, inclusive,<br><br>　　　　　　Defendants. | Case No. 37-2023-00052317-CU-WT-NC<br><br>Assigned for all purposes to Dept. N-31<br>Hon. Blaine K. Bowman<br><br>**ANSWER**<br><br><br>Complaint Filed:  December 1, 2023<br>Trial Date:  Not Set |

TO THE COURT CLERK, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

　　　　Defendants AutoZoners, LLC and AutoZone, Inc. (collectively "AutoZone"), for themselves alone, answer to the unverified complaint of Plaintiff Blanca Bugarin by admitting, denying, and alleging as follows:

**GENERAL DENIAL**

　　　　1.　　Pursuant to Code of Civil Procedure section 431.30(d), AutoZone specifically denies each and every allegation of Plaintiff's unverified Complaint, denies that Plaintiff has been damaged or sustained any damages as a result of the conduct alleged therein, and asserts the affirmative defenses set forth below.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

3. AutoZone is informed and believes that Plaintiff's alleged damages were proximately caused by or contributed to by acts, or failures to act, of persons other than AutoZone, which acts or failures to act constitute an intervening and superseding cause of her alleged damages and injuries

### THIRD AFFIRMATIVE DEFENSE

4. AutoZone is informed and believes that Plaintiff is entirely or, in the alternative, partially barred from any recovery because of her failure to take reasonable and necessary steps to mitigate her alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

5. Plaintiff was employed at-will and could be discharged at any time without notice or cause, Cal. Labor Code § 2922.

### FIFTH AFFIRMATIVE DEFENSE

6. AutoZone is informed and believes that Plaintiff's claims and damages are preempted, in whole or in part, by applicable workers' compensation laws.

### SIXTH AFFIRMATIVE DEFENSE

7. AutoZone is informed and believes that Plaintiff's claims and damages are barred, in whole or in part, by the doctrine of avoidable consequences.

### SEVENTH AFFIRMATIVE DEFENSE

8. AutoZone is informed and believes that Plaintiff's claims and damages are barred because Plaintiff failed to exhaust all administrative remedies prior to filing suit, including those available under the Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code § 12940, *et seq.*

### EIGHTH AFFIRMATIVE DEFENSE

9. AutoZone is informed and believes that Plaintiff's claims and damages are barred, in whole or in part, by the doctrine of unjust enrichment.

**NINTH AFFIRMATIVE DEFENSE**

10. AutoZone is informed and believes that Plaintiff's claims and damages are barred, in whole or in part, by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

11. In addition to facts and circumstances known to AutoZone at the time of Plaintiff's discharge, AutoZone is informed and believes that Plaintiff engaged in additional misconduct that justified said discharge from the date said misconduct was discovered. Plaintiff is not entitled to any damages from the date this information was discovered.

**ELEVENTH AFFIRMATIVE DEFENSE**

12. To the extent overlapping any element of Plaintiff's causes of action, AutoZone is informed and believes that Plaintiff was unable to perform her essential job functions with reasonable accommodations, and/or no reasonable accommodation existed would have enabled her to perform the essential functions of her job safely, and/or such accommodation would impose an undue hardship on AutoZone.

**TWELFTH AFFIRMATIVE DEFENSE**

13. AutoZone is informed and believes that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including those in Cal. Code Civ. Proc. §§ 335.1, 338, 339, 340; Cal. Govt. Code §§ 12960, 12965(b).

**THIRTEENTH AFFIRMATIVE DEFENSE**

14. AutoZone alleges that, if adjudged that its actions were motivated by both lawful and unlawful reasons, the lawful reason alone would have induced AutoZone to make the same decision.

**FOURTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff is not entitled to relief on any of her causes of action because AutoZone's actions were reasonable in response to a legitimate business necessity, and were taken for legitimate, non-retaliatory business reasons.

**FIFTEENTH AFFIRMATIVE DEFENSE**

16. At all times relevant to the action, the conduct of AutoZone was undertaken in the legitimate exercise of managerial discretion, based on legitimate, non-discriminatory and non-retaliatory reasons, and done at all times in good faith.

**SIXTEENTH AFFIRMATIVE DEFENSE**

17. AutoZone alleges that, if Plaintiff is adjudged to be entitled to any recovery based on her Complaint, AutoZone is entitled to a set off for each of the following, respectively and separately: the damage to AutoZone inflicted by Plaintiff's wrongful acts and breaches of contract and duty; any payments made to Plaintiff by order or stipulation from any administrative agency; or any other compensation paid to or received by Plaintiff from any source, including but not limited to workers compensation benefits or payments from other alleged tortfeasors.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

18. The imposition of punitive damages under California law, including but not limited to Civil Code §§ 3294, 3295, as interpreted and applied through California judicial authority, constitutes a denial of due process, procedural and substantive, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Defendants AutoZoners, LLC and AutoZone, Inc. pray for entry of judgment as follows:

1. That the Complaint be dismissed and judgment be entered against Plaintiff and in favor of AutoZone on all of Plaintiff's claims;

2. That Plaintiff be ordered to pay AutoZone's costs and attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

Dated: January 8, 2024

MICHAEL HOFFMAN
ARENA HOFFMAN LLP
Attorneys for Defendants
AUTOZONERS, LLC and AUTOZONE, INC.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 220 Montgomery Street, Suite 905, San Francisco, California 94104.  On January 8, 2024, I served the within document(s):

**ANSWER**

 by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

Ramin R. Younessi
Law Offices of Ramin R. Younessi, a PLC
3435 Wilshire Boulevard, Suite 2200
Los Angeles, CA 90010
Tel:  (213) 480-6200
Fax:  (213) 4810-6201

Attorneys for Plaintiff BLANCA BUGARIN

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice, it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 8, 2024, at San Francisco, California.

_____
MICHAEL HOFFMAN